**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **NATHANIEL LLOYD DAVIS,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**DOMINION ENERGY, INC,**<br><br>*Defendant.*<br><br>Serve: C.T. Corporation System<br>4701 Cox Road, Suite 285<br>Glen Allen, VA. 23060-6808 | **Civil Action No.** 3:26cv428<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

The Plaintiff, Nathaniel Lloyd Davis, hereinafter referred to as "Mr. Davis" or "Davis", through his counsel, Vincent L. Robertson, Sr. of Randall, McClenney, Daniels & Dunn, P.C., pursuant to the Federal Rules of Civil Procedure, brings the following causes of action against the Defendant, Dominion Energy, Inc., hereinafter referred to as "Dominion" and alleges as follows:

## I. INTRODUCTION

1. Mr. Davis herewith brings this complaint against Dominion for its violation of the Americans with Disabilities Acts of 1990 ("ADA"), as amended, 42 U.S.C. §12101.
2. At all times relevant to the instant complaint, Mr. Davis was a member of a protected class of Americans with disabilities pursuant to ADA.

## II. EXHAUSTION OF REMEDIES

3. On September 3, 2025, Davis filed an Equal Opportunity Employment Commission (EEOC) charge based on disability discrimination. **(Exhibit A)**.

4. The Norfolk Local Office of the EEOC issued Davis a Determination and Notice of Rights letter on March 2, 2026. **(Exhibit B)**.

## III. PARTIES

5. Mr. Davis is a resident of Virginia and was an employee of Dominion at its Surry Nuclear Power Station, which is located at 5570 Hog Island Road, Surry, Virginia from May 2020, until July 22, 2025.

6. Dominion is reportedly one of the nation's largest producers and transporters of energy, offering clear, safe, reliable, and affordable energy to over 7.5 million customers and operating in 20 states. The company headquarters are in Richmond, Virginia and reportedly employs approximately 15,000 people.

## IV. JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331, 38 U.S.C. §4311 and 28 U.S.C. § 1343.

8. Venue is proper in this judicial district because the actions giving rise to this claim occurred in Virginia pursuant to 42 U.S.C. § 12117 and U.S.C. § 1391 (b)(2).

## V. FACTS

9. Davis, after undergoing a series of stringent background investigations, including a mandatory psychological assessment, was hired by Dominion in May 2020.

10. At all times relevant to this action, Davis was a qualified individual.

11. Davis was diagnosed and suffers with severe depression a direct result of his military service as a United States Marine.

12. In May of 2020, Dominion hired Davis as Nuclear Security Officer I.

13. In 2021, he applied for and was selected for the station's Fire Brigade.

14. He was promoted to Nuclear Security Officer II, in May 2022.

15. In 2023 he was selected for Response Team Lead.

16. The duties and responsibilities of this position required that he protect the nuclear materials and facilities from theft, sabotage, or unauthorized access; enforce access control at protected and vital areas; conduct armed patrols; monitor surveillance systems; and serve as part of an armed tactical response team.

17. Davis's work schedule required that he work 4 days on and 4 days off and without limitation

18. Davis direct supervisor was Charles Meeks. His second level supervisor was Roger L. Jones.

19. Both were responsible for his advancement while at Dominion.

20. Davis held a security clearance while employed with Dominion.

21. In order to maintain continued eligibility for his clearance, he is required to be interviewed every five (5) years.

22. On or about April 8, 2025, the Nuclear Access Program Administrator, a Dominion representative, sent Davis an email wherein she required that Davis "reach out to the VA to get the information below that was requested by Critical Assessments after [your] critical group psychological interview.

    a. VA Decision Letter.

b. Psychological evaluation which was used in the most recent VA rating.

c. Disability Benefits Questionnaire (evaluation completed in 2022 per Mr. Davis).

d. VA mental health treatment records (attended individual therapy in 2021 per Mr. Davis.)

23. Per the same email, Davis was required to send his personal medical information directly to her, the Nuclear Access Program Administrator for Dominion Energy.

24. In May 2025, just weeks before he was terminated, Davis was promoted to Nuclear Security Officer III.

25. On or about June 26, 2025, after receiving all the requested VA benefits information, the Nuclear Access Program Administrator then sent Davis an additional email wherein she stated the following: "Thank you for making sure that we get the needed documents to the psychologist. There is only one more document still outstanding.

a. Military mental health treatment records (reportedly attended 30-40 individual therapy sessions between 2015 – 2016 associated with severe depression accompanied by suicidal ideation).

26. On or about July 8, 2025, the Nuclear Access Program Administrator sent Davis an email wherein she inquired about any updates from the VA.

27. Davis, while remaining fully compliant with all requests, responded in the following manner, "No ma'am. Checked online yesterday and still in step 2 of a 5-step process."

28. On or about July 16, 2025, the Nuclear Access Program Administrator sent an email that contained a "Critical Assessments – Authorization" form. Davis was

directed to "include Dominion Energy as a contact on the second page so they can reach out to the station nurse for [your] records with us."

29. Davis timely complied as directed.

30. On or about July 22, 2025, Davis received notice that his access authorization to Dominion's nuclear facilities had been revoked/denied. It further noted that the basis for the revocation was "failure to meet adjudication guidelines.

31. The "Comments" section of Davis's Notice of Appeal Rights letter listed five recommendations. One of which was that Davis "complete a minimum of 12 hours of cognitive behavioral therapy based individual therapy with a licensed mental health provider…Sessions should occur over a minimum of 12 weeks to allow for practice of learned skills in-between sessions.

32. Davis was fired two days later and thus unable to comply with the recommendations.

33. Dominion did not offer Plaintiff any reasonable accommodation.

34. Dominion placed Davis on a barred denied list to any nuclear facility in the United States.

35. Throughout his period of employment from May 2020 to July 2025, Davis was a model employee who continually maintained his eligibility for unescorted access throughout the nuclear facility.

36. Davis further demonstrated that he was fully capable of performing the essential functions the duties of the position.

37. Furthermore, Dominion terminated two other employees, who are also United States Marines for similar reasons.

38. Near or during the same relevant time frame, Dominion allowed two non-military employees, holding similar positions, to maintain their employment under similar circumstances.

39. One Dominion employee was retained for employment after experiencing an acute on the job mental health crisis that directly impacted safety and fitness for duty concerns.

40. The other Dominion employee was sent home with pay and allowed to seek therapy for a serious alcohol condition.

41. Throughout Davis's employment, he was never charged with or convicted of a felony or a crime involving lying, stealing or cheating.

42. Additionally, during his employment with Dominion, Davis was never charged, cited, or accused of any matter involving acts of moral turpitude.

43. Davis sought other placement within Dominion. He was informed that Dominion does not do job placement.

44. Dominion has other positions within the company that do not require unescorted access.

## VI. CAUSE OF ACTION

### Disability discrimination in violation of the Americans with Disabilities Act of 1990 (ADA) as amended, 42 U.S.C. § 12101

45. Plaintiff re-alleges and incorporates herein by reference the foregoing paragraphs.

46. Pursuant to 42 U.S.C. § 12101, a disability may take any one of three forms: "(1) a physical or mental impairment that substantially limits one or more major life activities (the actual disability); (2) a record of such impairment (the "review

prong"); or (3) being regarded as having such impairment (the "regarded as" prong).

47. The ADA prohibits employers from 'discriminating' against 'qualified individuals on the basis of disability." *Laird v. Fairfax Cnty.*, 978 F3d 887, 892 (4th Cir. 2020) quoting 42 U.S.C. §12112(a)-(b).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Nathaniel Lloyd Davis prays for the following relief:

a. Declaratory judgment that the practices complained of herein are unlawful and violate the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12104 and,

b. Back pay, front pay, raises and pay differential from July 22, 2025 (including interest and benefits) and,

c. Removal of negative and adverse information from Plaintiff's employment records that would unfavorably affect his ability to obtain access to national security facilities that require security clearances and access to sensitive sites or information and,

d. Compensatory and punitive damages and,

e. Reasonable attorney fees and costs associated with bringing and maintaining this action and,

f. All such other equitable and/or legal relief deemed necessary, just proper and appropriate.

DATED: May 13, 2026

/s/ Vincent L. Robertson Sr.,

Vincent L. Robertson Sr. Esq.
VSB # 66707
Randall McClenney Daniels & Dunn P.C.
901 W. Broadway Avenue
Hopewell, Virginia 23860
Office: (804) 255-9977
Fax: (804) 6949
Email: vincentrobertson@valegalservices.com